IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INTEGRATED HEALING TECHNOLOGIES, ) | |
| LLC, ) | Case No: 3:18-bk-04526 |
| ) | Chapter 7 |
| ) | Judge Mashburn |
| Debtor. ) | |

## EXPEDITED MOTION FOR AUTHORIZATION TO OPERATE BUSINESS

John C. McLemore, Chapter 7 Trustee herein (the "Trustee") files this *Expedited Motion for Authorization to Operate Business* (the "Motion") seeking authority to operate the Debtor's business, in a limited capacity, and in support thereof shows this Court as follows:

## NECESSITY FOR EXPEDITED RELIEF

1. By this Expedited Motion and pursuant to Local Rule 9075-1, the Trustee seeks entry of an Order (1) shortening the notice required by Local Rule 9013-1 for responding to the Motion and establishing a response deadline of July 17, 2018 at 9:00 a.m. and (2) expediting a hearing on the Motion and scheduling such hearing for July 17, 2018 at 9:00 a.m. (the "Hearing").

2. The Trustee seeks to have the Motion decided on an expedited basis because the business is believed to have significant value as a going concern. The Trustee is aware of approximately 50 orders for the Debtor's in-stock inventory that are pending. If these orders cannot be filled in a timely manner, the customer list of the Debtor will be substantially devalued and the prospects of selling the business assets will be diminished.

3. Notice of this Motion is being provided via the Court's electronic case filing system to all parties having filed a notice, is being sent by email to the United States Trustee's office and John Tishler, counsel for the Debtor, and is being mailed to the ten largest unsecured creditors. The Trustee submits that the notice of the Motion as provided for herein constitutes good and adequate notice of the Hearing.

4. The Trustee asks that the Court establish a response deadline of July 17, 2018 at 9:00 a.m., and that it set a hearing for July 17, 2018 at 9:00 a.m.

## MOTION FOR AUTHORIZATION TO OPERATE BUSINESS

5. The Trustee was duly appointed as Trustee in this Chapter 7 bankruptcy case, has been duly qualified, and is now serving in said capacity.

6. The Debtor's primary business is the production of a product known as PhaseOne, a fast-acting skin and wound cleanser that penetrates and disrupts biofilm, killing bacteria and fungi as well as neutralizing resulting toxins. The Debtor's inventory includes a large supply of PhaseOne product, and there is significant demand for PhaseOne from physicians and other medical professionals.

7. The Trustee is aware of approximately fifty pending orders for the Debtor's inventory. The Trustee would like to continue shipping the Debtor's finished product to these medical professionals, according to the ordinary terms of their business arrangements with the Debtor.

8. In his business judgment, the Trustee believes that continuing to service these customers, as long as there is finished product to do so, is in the best interest of this estate and its creditors. The Trustee believes that, were he to stop shipping product to customers, that the value of the business assets, including the customer list, would be

substantially reduced. By continuing these limited operations of the Debtor's business, the Trustee is preserving the value of the Debtor's inventory and intellectual property.

9. The Trustee would propose to operate the Debtor's business only until such time as he can effectuate a sale of the Debtor's assets, pursuant to 11 U.S.C. § 363.

10. In order to continue the operation of the Debtor's business, it will be necessary for the Trustee to retain certain employees. The Trustee proposes to retain the services of Stacy Bence, who is a former employee of the Debtor and is familiar with the Debtor's order processing systems. The Trustee proposes to pay Ms. Bence a wage of $50.00 per hour that she spends processing orders for this estate. The Trustee also proposes to retain Grace Boughey to perform bookkeeping for this estate at a rate of $75.00 per hour. Finally, the Trustee wishes to employ Mike Curry to perform administrative tasks needed in the operation of the Debtor's business. The Trustee proposes to pay Mr. Curry $100.00 per hour for these services.[1] The Trustee would propose to pay these employees from assets of the estate on a bi-weekly basis, and will file reports with the Court disclosing all amounts paid to these employees.

11. 11 U.S.C. § 721 provides: "The court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." The Trustee seeks to operate this Debtor's business for a limited time, only until a §363 sale can be concluded.

---

[1] Mr. Curry is an employee of the Trustee's law firm and frequently performs paralegal and financial analysis functions for that law firm. The Trustee seeks to avoid profiting from Mr. Curry's administrative functions performed for this estate. Therefore, the Trustee proposes to bill Mr. Curry's legal and financial services through his law firm, as approved by the Court in fee applications, but wishes to pay Mr. Curry directly from the estate for all administrative functions so that the Trustee does not share in any such wages. The Trustee will ensure that time is properly allocated and that no double-billing occurs.

Thus, this request is consistent with the orderly liquidation of this Debtor's assets. As demonstrated herein, the continued operation of the business is in the best interest of the estate and its creditors because it preserves the value of the Debtor's inventory and intellectual property.

WHEREFORE, pursuant to LBR 9075-1 and 11 U.S.C. § 721, the Trustee respectfully requests the Court to enter an order (i) establishing a response deadline of July 17, 2018 at 9:00 a.m., (ii) setting a hearing in this matter for July 17, 2018 at 9:00 a.m., (iii) authorizing the Trustee's continued operation of the Debtor's business, and (iv) such other and further relief as the Court finds just and proper.

Dated: July 13, 2018

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*



IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INTEGRATED HEALING TECHNOLOGIES, ) | |
| LLC, ) | Case No: 3:18-bk-04526 |
| ) | Chapter 7 |
| ) | Judge Mashburn |
| Debtor. ) | |

**ORDER AUTHORIZING TRUSTEE TO OPERATE BUSINESS**

Upon consideration of the notice and expedited motion of John C. McLemore, Trustee, for authority to continue operations of the business of the Debtor in the above-styled matter;

And it appearing to the Court that relief sought by the Trustee is necessary and in the best interest of the estate and its creditors; It is hereby;

**ORDERED** that John C. McLemore, Trustee, is authorized pursuant to 11 U.S.C. §721 to continue fill orders received by the Debtor from the Debtor's finished inventory, according to the pre-petition ordinary business terms between the Debtor and its customers,

until such time as the Trustee is successful in selling substantially all of the Debtor's assets pursuant to 11 U.S.C. §363; and

**IT IS FURTHER ORDERED** that the Trustee is entitled to hire Stacy Bence at an hourly rate of $50.00, Grace Boughey at an hourly rate of $75.00, and Mike Curry at an hourly rate of $100.00 to perform the tasks delineated in the Motion and as needed to operate the business consistent with the terms of this Order; and

**IT IS FURTHER ORDERED** that nothing herein shall prevent any creditor from seeking reconsideration of this matter in the future.

**This Order was signed and entered electronically as indicated at the top of the first page**

**APPROVED FOR ENTRY:**

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the preceding Expedited Motion for Authorization to Operate Business has been served this 13th day of July, 2018 via the Court's ECF system and upon the following parties by email and/or U.S. First Class mail:

Megan Seliber – United States Trustee's Office
By Email – Megan.Seliber@usdoj.gov

John Tishler – Debtor's Attorney
By ECF & Email – John.Tishler@wallerlaw.com

Gary Ferguson
9233 Old Smyrna Road
Brentwood, TN 37027

FirstBank
211 Commerce Street, Suite 300
Nashville, TN 37201

Five Star Venture Funding
2002 Tyne Blvd.
Nashville, TN 37215

Fred Goad
917 Stuart Lane
Brentwood, TN 37027

Graymar Investors
411 Great Circle Rd.
Nashville, TN 37228

Robert Lipman
411 Great Circle Rd.
Nashville, TN 37228

Keith Mullins
301 Plus Park Blvd., Ste. 500
Nashville, TN 37217

Linda Rebrovick
5202 Close Cir.
Nashville, TN 37205

Albert Rodewald
4814 Byrd Lane
College Grove, TN 37046

Timothy J. Patton Trust
2100 Londonderry
Ann Arbor, MI 48104

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*