IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

IN RE:                                          )
                                                )
INTEGRATED HEALING TECHNOLOGIES, LLC,           )       Case No: 3:18-bk-04526
                                                )       Chapter 7
                                                )       Judge Mashburn
        Debtor.                                 )

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS:  January 24, 2019**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE:  February 5, 2019, 9:00 a.m.**
**Courtroom 1, U.S. Bankruptcy Court, Customs House, 701 Broadway, Nashville, TN**

## NOTICE OF MOTION FOR AUTHORITY TO SELL OR TRANSFER ASSETS PURSUANT TO 11 U.S.C. §363 FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

John C. McLemore, Trustee, has asked the Court for the following:

Permission of the Court to sell substantially all assets of the Debtor free and clear of all liens, claims and encumbrances.

**YOUR RIGHTS MAY BE AFFECTED**.  If you do not want the Court to grant the attached motion, or if you want the Court to consider your views on the motion, then on or before January 24, 2019, you or your attorney must:

1.      File with the Court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING.  ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY.   TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: https://ecf.tnmb.uscourts.gov.**

If you need assistance with Electronic Filing, you may call the Bankruptcy Court at (615) 736-5584.  You may also visit the Bankruptcy Court in person at:  U.S. Bankruptcy Court, 701 Broadway, 1st Floor, Nashville, Tennessee (Monday – Friday, 8:00 a.m. – 4:00 p.m.).

2.      **Your response must state that the deadline for filing responses is January 24, 2019, the date of the scheduled hearing is February 5, 2019, and the motion to which you are responding is the** *Motion for Authority to Sell or Transfer Assets Pursuant to 11 U.S.C. §363 Free and Clear of Liens, Claims and Encumbrances.*

3.      You must serve your response or objection by electronic service through the Electronic Filing system described above.  You must also mail a copy of your response or objection to:

1

| John C. McLemore, Trustee | United States Trustee | Phillip G. Young, Jr. |
|---|---|---|
| 2000 Richard Jones Rd. | 701 Broadway | Thompson Burton PLLC |
| Suite 250 | Customs House, Suite 318 | One Franklin Park |
| Nashville, TN 37215 | Nashville, TN 37203 | 6100 Tower Circle, Suite 200 |
| | | Franklin, TN 37067 |

If a timely response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **_THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE_**. You may check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584 or viewing the case on the Court's website at www.tnmb.uscourts.gov .

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated this 3rd day of January, 2019.

Respectfully submitted,

_/s/ John C. McLemore, Trustee._
John C. McLemore, Trustee
Tn. Bar No. 3430
2000 Richard Jones Rd., Ste. 250
Nashville, TN 37215
(615) 383-9495 (phone)
(615) 292-9848 (fax)
jmclemore@gmylaw.com

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INTEGRATED HEALING TECHNOLOGIES, LLC, | ) | Case No: 3:18-bk-04526 |
| | ) | Chapter 7 |
| | ) | Judge Mashburn |
| Debtor. | ) | |

## MOTION FOR AUTHORITY TO SELL OR TRANSFER ASSETS PURSUANT TO 11 U.S.C. §363 FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

Comes John C. McLemore, Chapter 7 Trustee (the "Trustee"), pursuant to Bankruptcy Rule 6004(c) and 11 U.S.C. § 363, and moves the Court for authority to sell substantially all assets of this estate to Phase One Health, LLC or its assignee ("Buyer") free and clear of all liens, claims, and encumbrances, pursuant to 11 U.S.C. §363 and would show the Court as follows:

1.      On July 9, 2018 (the "Petition Date"), Integrated Healing Technologies, LLC (the "Debtor") filed a voluntary petition in the United States Bankruptcy Court for the Middle District of Tennessee for relief under Chapter 7 of the Bankruptcy Code.  John C. McLemore was appointed to serve as Chapter 7 Trustee herein on July 10, 2018.

2.      This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §1334 and pursuant to 28 U.S.C. § 157(b)(2)(A), this is a core matter. Venue in this case and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      On July 17, 2018, this Court authorized the Trustee to continue running the Debtor's business in a limited capacity, which he has done from that date until the date of this Motion.  He has continued filling orders from various physicians, hospitals and clinics since July 17, 2018, and has marketed a bulk sale of the Debtor's assets to all parties that he believed might have an interest in purchasing the Debtor's assets.  While he has received several offers to purchase some or all of the Debtor's assets, the highest and best received was made by the Buyer.

3

4.      By this Motion, the Debtors seek authority to sell, convey, transfer, assign and/or deliver to the Buyer all assets of the Debtor identified in Paragraph 2.1 (the "Purchased Assets") of the proposed Asset Purchase Agreement attached hereto as Exhibit A (the "APA"), and consistent with the terms of the APA. The Purchased Assets represent substantially all of the remaining assets of the Debtors, except for some personal property that has already been delivered to Colson Auction for auction in the upcoming weeks.

5.      The Buyer has agreed to purchase the Purchased Assets in exchange for payment of $175,000.00.

6.      The Trustee does not believe that any liens attach to the Purchased Assets.  However, upon the completion of the sale as approved by the Court, any valid, perfected, and unavoidable liens, claims and encumbrances shall attach to the sale proceeds to the same extent, and in the same priority, as the pre-petition liens, claims and encumbrances.

7.      Section 363(b)(1) of the Bankruptcy Code provides that a debtor or trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate. 11 U.S.C. §363(b)(1). Accordingly, the Court may authorize the sale other than in ordinary course of business of all of a debtor's assets under Section 363(b)(l).

8.      Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Trustee requests that any order approving the sale or transfer of the customers be effective immediately by providing that the 14-day stay under Bankruptcy Rule 6004(h) is waived.

9.      This Sale Motion shall be provided to all creditors and parties in interest in these proceedings and shall be served on all persons pursuant to Bankruptcy Rule 6004(c) by first class mail addressed to the business address of such persons notwithstanding Bankruptcy Rule 9014. The Trustee submits that no further notice need be given or service need to be made.

4

10.      Should the Trustee receive a higher and better offer of at least $190,000 (the "Upset Bid Amount") for the Purchased Assets, in writing, on or prior to January 24, 2019, then the Trustee will conduct an auction on Tuesday, February 5, 2019, at 8:30 a.m., outside of Courtroom 1, U.S. Bankruptcy Court, Customs House, 701 Broadway, Nashville, TN to determine which party is offering the highest and best offer for the Purchased Assets.

WHEREFORE, the Trustee moves the Court for an entry of an Order:

a.      Approving the form and manner of notice of sale proposed by the Trustee in this Motion;

b.      Approving the sale of the Purchased Assets (as defined herein and in the APA attached hereto) free and clear of all interests; and

c.      Granting such other and further relief as is appropriate.

DATED: January 3, 2019

Respectfully submitted:

*/s/ John C. McLemore, Trustee.*
John C. McLemore, Trustee
Tn. Bar No. 3430
2000 Richard Jones Rd., Ste. 250
Nashville, TN 37215
(615) 383-9495 (phone)
(615) 292-9848 (fax)
jmclemore@gmylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served through the Court's ECF system on all parties requesting notice, and served via United States Mail on all parties listed on the attached mailing matrix, this the 3rd day of January, 2019.

/s/ John C. McLemore, Trustee
John C. McLemore, Trustee

5

ABIGO MEDICAL SB
SE-436
33EKONOMIVAGEN 5
SWEDEN

ACOG
EXHIBITS MANAGEMENT
409 12TH ST SW
WASHINGTON DC 20024-2188

~~ACTION BUSINESS CONSULTING~~
~~6051 RURAL PLAINS CIR, UNIT 301~~
~~FRANKLIN TN 37064-1692~~

ADVANCED AMBULATORY INC
PO BOX 981047
HOUSTON TX 77098-8047

AESTHETIC COMPONENTS
1200 WALD RD
ORLANDO FL 32806-6355

AGASTI, JEN RN CWCA FACCWS
141 PINE AVE
FORCE PA 15841

ALABAMA ORTHOPAEDIC SOCIETY
1085 CHESSON HILL DR
FITZPATRICK AL 36029-2646

ALEXANDER'S CATERING LLC
511 UNION ST, STE 2626
NASHVLLE TN 37219-1794

ALEXANDER, MALLORY
PO BOX 116450
ATLANTA GA 30368-6450

ALEXIARES LLC
208 CRAIGHEAD ST
NASHVILLE TN 37205-2512

ALFREY MD, DAVID
22 WYNSTONE
NASHVILLE TN 37215-5800

AMERICAN SOCIETY OF PLASTIC SURGEONS
ATTN: FINANCE DEPT
444 EAST ALGONQUIN RD
ARLINGTON HEIGHTS IL 60005-4664

ANDERSON, STEFANIE
2728 BLUE HERON DR
FLORISSANT MO 63031-5513

ANDREWS AGENCY LLC (THE)
209 10TH AVE S, STE 525
NASHVILLE TN 37203-7102

ANDREWS, THOMAS
208 JACKSON BLVD
NASHVILLE TN 37205-3300

ARKANSAS SECURITIES DEPT
HERITAGE WEST BLDG, STE 300
201 EAST MARKHAM ST
LITTLE ROCK AR 72201-1627

ARMACOST, JOHN
1692 S. WALNUT DR
WARSAW IN 46580-7355

ATMOS ENERGY
PO BOX 790311
SAINT LOUIS MO 63179-0311

ATNIP, JOE
7316 OLD CLARKSVILLE PKE
JOELTON TN 37080-9402

AWHONN
ATTN: MICHELE FLANAGAN RNC
9 MEDICAL PARK, STE 320
COLUMBIA SC 29203

BAIRD, IAN
175 BAYPOINTE PKWY, APT 422
SAN JOSE CA 95134-1693

BAIRD, JAMES
5214 RUSTIC WAY
OLD HICKORY TN 37138-1344

~~BARNEY, PAUL~~
~~PO BOX 842818~~
~~BOSTON MA 02284-2818~~

~~BASS, NANCY ANN~~
~~810 BELLEVUE RD UNIT 242~~
~~NASHVILLE TN 37221-2736~~

BATEMAN, MARY
1200 GENERAL MCARTHUR DR
BRENTWOOD TN 37027-6609

BATEMAN, SUZANNE
1200 GENERAL MCARTHUR DR
BRENTWOOD TN 37027-6609

BATES, REEDA
497 WHISPERING HILLS DR
NASHVILLE TN 37211-5342

BAURLE MD, ERIC J
1806 IVY CREST DR
BRENTWOOD TN 37027-3821

BEAN REALTY PARTNERS LLC
3841 GREEN HILLS VILLAGE DR, STE 400
NASHVILLE TN 37215-2691

BECHERT, KARI
1024 ASHLAND AVENUE
EVANSTON IL 60202-1139

BENCE, STACI
497 WHISPERNG HILLS DR
NASHVILLE TN 37211-5342

BENCHMARK INVESTORS GROUP
400 SUGARTREE LN, STE 310
FRANKLIN TN 37064-3074

BENGEL LIVING TRUST
1107 FLEMING ST
KEY WEST FL 33040-6909

BENRUD, CONSTANCE
510 W ERIE, #1901
CHICAGO IL 60654-6424

BERGAN, JAMIE
5382 COBBLER WAY
CAMILLUS NY 13031-4306

BES STUDIOS
5711 OLD OSBORNE TURNPIKE
HENRICO VA 23231-3059

BETSY V MATLOCK REVOCABLE TRUST
353 CUDDY CT
NAPLES FL 34103-4074

BICKEL, BECKY
1888 WILSON PIKE
FRANKLIN TN 37067-7506

~~BLACK TIE MOVING NASHVILLE~~
~~320SEVEN SPRINGS WAY~~
~~BRENTWOOD TN 37027-4537~~

BLOUNT, JOHN
1101 NORRIS DR.
PAWLEYS ISLAND, SC 29585

BLOUNT, SCOTT C
3001 DEL CUROTO RD, UNIT 13
AUSTIN TX 78704-5154

BOVENDER JR, JACK
520 BELLE MEADE BLVD
NASHVILLE TN 37205-3424

BRINDLE, TOD
6165 BOOTSIE BLVD
HENRICO VA 23231-7960

BRITTON, JIM
3 GIBSON
LITTLEROCK AR 72227-2205

BROWN MD, PHILLIP
518 PARK CENTER DR
NASHVILLE TN 37205-3430

BROWN, MICHELLE
3617 18TH ST NE
WASHINGTON DC 20018-2701

~~BUCKEYE HOME HEALTH CARE~~
~~ATTN: BHHC WOUND FAIR~~
~~7700 PARAGON RD~~
~~SELKIRK NY 12158~~

BUFORD, MARK
1003 HEATHROW HILLS CT
BRENTWOOD TN 37027-6838

BUMSTEAD, FRANK
PO BOX 340020
NASHVILLE TN 37203-0020

BURD, PAUL
1033 DEMONBREUN ST., STE. 500
NASHVILLE TN 37203

BURNS, BRANDON
3217 ROLLING STONE
OKLAHOMA CITY OK 73120-1839

BURR, ROBERT
1262 HAYES LN
BOWLING GREEN KY 42103-1459

BUSINESS FURNITURE WAREHOUSE
706 19TH AVE N
NASHVILLE TN 37203-1900

CALDWELL, MEREDITH
28 INVERARAY
NASHVILLE TN 37215-4129

CALVETTI, MIKE
194 ESMER CT
NEWARK DE 19711-8510

~~CAPITAL DISTRICT WOCN~~
~~ATTN: MICHELLE MURRAY~~
~~7700 PARAGON RD~~
~~DAYTON OH 45459-4081~~

CARINO, PETE
1089 BROOKHAVEN SQ NE
ATLANTA GA 30319-2878

CARMICHAEL, CROM
2605 ELM HILL PIKEM STE I
NASHVILLE TN 37214-3157

CARPENTER, JOHN
20 FOX FARMS RD
FLORENCE MA 01062-1335

CARR RIGGS & INGRAM
3011 ARMORY DRIVE STE190
NASHVILLE TN 37204-3746

CASTELLO, CHRIS
104 BENNINGTON RD
GREER SC 29650-3500

CASTRASIM HOLDINGS LLC
8600 FERN AVE
SHREVEPORT LA 71105-5639

CATHOLIC HEALTH SYSTEM
ATTN: KRISTIE COLEMAN
2625 HARLEM RD, STE 120
CHEEKTOWAGA NY 14225-4031

CHARLOTTE CONVENTION CTR
C/O SMART CITY NETWORKS
5795 W BADURA AVE, STE 110
LAS VEGAS NV 89118-4724

CHURCH, DALLAS WARREN
95 CHRISTOPHER ST, APT 7i
NEW YORK NY 10014-6627

CIT
21146 NETWORK PLACE
CHICAGO IL 60673-1211

CITY OF FRANKLIN
109 THIRD AVE S, STE 141
FRANKLIN TN 37064-2562

CLARK-EVANS, CAROL P
1010 MANLEY LN
BRENTWOOD TN 37027-5501

COBLE, G W II
5033 OLD HICKORY BLVD
NASHVILLE TN 37218-4020

COBLE, GEORGE WILLIAM III
7620 OLD CHARLOTTE PIKE
NASHVILLE TN 37209-5504

COLLINS, TIMOTHY
6933 GENTRY LN
MASON OH 45040-7591

COMCAST
PO BOX 530098
ATLANTA GA 30353-0098

COMER, KEIA
PO BOX 306003
NASHVILLE TN 37230-6003

COMMERCIAL INSUR ASSOC LLC
103 POWELL CT, STE 100
BRENTWOOD TN 37027-5050

COMPLETE ANSWERING SERVICE
C/O ANSUR SYSTEMS LLS
5225 KATY FREEWAY, STE 409
HOUSTON TX 77007-2252

CONCUR TECHNOLOGIES
62157 COLLECTIONS CENTER DR
CHICAGO IL 60693-0001

CONWAY-WELCH, COLLEEN
C/O FRANK BUMSTEAD
PO BOX 340020
NASHVILLE TN 37203-0020

COPY SOLUTIONS
4091 MALLORY LANE STE 128
FRANKLIN TN 37067-4850

CORK MEDICAL
8050 CASTELWAY DR
INDIANAPOLIS IN 46250-1915

COSMAS, RONALD
1302 GUILES HILL CT
BRANDON FL 33511-7612

COYOTE LOGISTICS LLC
PO BOX 742636
ATLANTA GA 30374-2636

CRAIG, MARGARET C
27 LEXINGTON GREEN
NASHVILLE TN 37215-2457

CRUMP LAW PC
202 CRESCENT AVE.
KENDALVILLE, IN 46755

CRYSTAL SPRINGS
PO BOX 660579
DALLAS TX 75266-0579

CSI MEDICAL
170 COMMERCE WAY
GALLATIN TN 37066-4647

DALTON, PAUL
1200 WALD RD
ORLANDO FL 32806-6355

DARDEN, MATT
144 BAIN DR, STE 100
LA VERGNE TN 37086-3642

DAVIS, JEFFREY K III
1235 BROADGATE DR
FRANKLIN TN 37067-6517

DAVIS, PAM
1235 BROADGATE DR
FRANKLIN TN 37067-6517

DELL FINANCIAL SERVICES
P O BOX 81577
AUSTIN TX 78708-1577

DEMPSEY, KRISSY
PO BOX 743699
ATLANTA GA 30374-3699

DICKE, JAMES F II
40 S WASHINGTON ST
NEW BREMEN OH 45869-1288

DIXON, PAUL
1651 TAMMARRON AVE SE
GRAND RAPIDS MI 49546-9734

DONNELLEY FINANCIAL SOLUTIONS
PO BOX 842282
BOSTON MA 02284-2282

DOWNS, DOUG
18723 BROOKSHADE LN
LOUISVILLE KY 40245-6222

DRUG ENFORCEMENT ADMIN
ATTN: REGISTRATION SECTION/ODR
PO BOX 2639
SPRINGFIELD VA 22152-0639

DUDLEY MD, BUNYAN S
507 SANDPIPER CIR
NASHVILLE TN 37221-4387

DUDLEY, JONATHAN
325 IDEAL WAY
CHARLOTTE NC 28203-5618

DUNSTAN GROUP LLC (THE)
1200 E MOREHEAD ST #140
CHARLOTTE NC 28204-2863

EAG INC
PO BOX 604
NEW CARLISLE IN 46552-0604

EATON, KARIN C
2012 25TH AVE S
NASHVILLE TN 37212-4203

ELCAM MEDICAL INC
2 UNIVERSITY PLAZA, STE 620
HACKENSACK NJ 07601-6224

ELDRIDGE, WILLIAM C
DBA SURG & AESTHETIC LIGHT
TECHNOLOGIES
11605 APRILBUD DR
HENRICO VA 23233-8709

ELLSWORTH ADHESIVES
W129 N10825 WASHINGTON DR
GERMANTOWN WI 53022-4446

EMERY PHARMA
1000 ATLANTIC AVE, STE 110
ALAMEDA CA 94501-1112

ENTREKIN, HUGH
1432 TYNE BLVD
NASHVILLE TN 37215-4416

ESKIND MD, JEFFREY
416 ELLENSDALE AVE
NASHVILLE TN 37205-3402

ESKIND MD, STEVEN
2322 GOLF CLUB LN
NASHVILLE TN 37215-1155

ET ASSOCIATES
ATTN: MARY ELLEN SCHRADER
PO BOX 617
NEW HARTFORD NY 13413-0617

FED EX
PO BOX 371461
PITTSBURGH PA 15250-7461

FELL, KEITH
507 CARONDELET ST
MANDEVILLE LA 70448-5002

FELLA, HENRY
1306 ELIZABETH BLVD
FORT WORTH TX 76110-2516

FERGUSON, GARY
9233 OLD SMYRNA RD
BRENTWOOD TN 37027-6110

FIRSTBANK
211 COMMERCE ST, STE 300
NASHVILLE TN 37201-1810

FISHER, JACK
5867 FREDERICKSBURG DR
NASHVILLE TN 37215-4817

FISHER, JEFF
539 CLOSE LN
NASHVILLE TN 37205-2702

FISHER, PATRICK
15334 AZRA DR
ODESSA FL 33556-1863

FIVE IRON TECHNOLOGIES
501 CORPORATE CTR, STE 510
FRANKLIN TN 37067-6453

FIVE STAR VENTURE FUNDING
2002 TYNE BLVD
NASHVILLE TN 37215-4705

FLASHBAY, INC
569 CLYDE AVE, UNIT 500
MOUNTAIN VIEW CA 94043-2257

FLATT, STEPHEN F
1872 SANCTUARY PL
MURFREESBORO TN 37128-4924

FLORIDA PLASTIC SURGERY SOCIETY (THE)
ATTN SUSAN RUSSELL
6300 SAGEWOOD DR STE H255
PARK CITY UT 84098-7502

FLOSURE TECHNOLOGIES LLC
PO BOX 123
TARRYTOWN NY 10591-0123

FOLLIN, KATHY
4416 GERALD PL
NASHVILLE TN 37205-3806

FREEMAN EXHIBITOR SVCS
PO BOX 660613
DALLAS TX 75266-0613

FREIBERG MD, CRAIG
4021 OVERBROOK DR
NASHVILLE TN 37204-4326

GABRIEL, ALLEN
785 NW VALLEY ST
CAMAS WA 98607-9198

GALBRAITH, DOUG
931 ROLLING MEADOWS RD
WAYNESBURG PA 15370-3469

GDSA LLC
1393 OLD HILLSBORO RD
FRANKLIN TN 37069-9132

GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

GEURIN, CASSANDRA
2201 BOWMAN RD
FRANKLIN TN 37064-4918

GILL, DON
3011 ARMORY DR, STE 190
NASHVILLE TN 37204-3746

GINGRASS MD, MARY
1915 STATE ST
NASHVILLE TN 37203-2209

GOAD, FRED
917 STUART LN
BRENTWOOD TN 37027-5823

GRAHAM, RITCHEY
65 BROOKWOOD TER
NASHVILLE TN 37205-1409

GRAYMAR INVESTORS
411 GREAT CIRCLE RD
NASHVILLE TN 37228-1403

GREATER CINCINNATI WOUND OSTOMY
ASSOC
WEST CHESTER HOSP ATTN: JACKIE BROWN
7700 HOSPITAL DR, OFFC 4003
WEST CHESTER OH 45069

GRIFFITH, CHARLES B
108 HARDING PL #203
NASHVILLE TN 37205-3704

GRINDSTAFF, EDWARD D
6210 BELLE RIVE DR
BRENTWOOD TN 37027-5616

GROTTING MD, JAMES C
2610 CALDWELL MILL LN
BIRMINGHAM AL 35243-1714

GROWTHWRIGHT
ATTN: COLE GRIFFITH
301 PLUS PARK BLVD, STE 215
NASHVILLE TN 37217-1118

GS1 US INC
DEPT 781271
PO BOX 7800
DETROIT MI 48278-1271

GUTHRIE, STEPHEN D
32416 MARIA CT
LIVONIA MI 48152-4275

HALL, WESLEY
937 FALLVIEW TRAIL
NASHVILLE TN 37211-6839

HANNULA, DON
DEPT CH 19041
PALATINE IL 60055-9041

HAWS MD, MELINDA
35 ERWIN CT
NASHVILLE TN 37205-5006

HEALTHCO SEARCH INTERATIONAL
C/O BOB HUTCHISON
879 PINE TREE RED W
LAKE ORION, MI 48362

HELL YEAH LLC
2518 37TH AVE NE
ST ANTHONY MN 55421-3632

HMP COMMUNICATIONS
70 E SWEDESFORD RD, STE 100
MALVERN PA 19355-1476

HOLMES, TAYLOR
112 WICKHAM CT
HENDERSONVILLE TN 37075-4564

HOOPER, JOHN M III
4410 GERALD PL
NASHVILLE TN 37205-3806

INGRAM POA, ORIN H
4400 HARDING RD
NASHVILLE TN 37205-2204

INGRAM, ORIN H II
1475 MORAN RD
FRANKLIN TN 37069-6301

INNOVATIVE RESOURCE INC
547 MEADOWVIEW DR
WAUCONDA IL 60084-2382

JACKSON, CLAY
5819 HILLSBORO PKE
NASHVILLE TN 37215-4601

JARAMILLO, ONESIMO
4114 TRINITY LA
FRANKLIN TN 37067-7716

JOHJNSON, MAC
1380 OLD 122ND RD
LEBANON OH 45036-9496

JOHN CHARLES TISHLER +
WALLER LANSDEN DORTCH & DAVIS PLLC
511 UNION STREET STE 2700
NASHVILLE, TN 37219-1791

JOHNSON'S LOCK & KEY
413 INDEPENDENCE SQ
FRANKLIN TN 37064-2128

JOHNSON, MARC
1380 OLD 122ND RD
LEBANON OH 45036-9496

JP DISPLAY
327 WEST REDBERRY RD
DRAPER UT 84020-9513

JUNK KING NASHVILLE
125 SPACE PARK S
NASHVILLE TN 37211-3119

~~KELLEHER, KATHLEEN~~
~~6275 JONES RD~~
~~BURLINGTON WI 53105-9049~~

KERTH, ANDREW
5150 E POINSETTIA DR
SCOTTSDALE AZ 85254-4661

LBMC TECHNOLOGY SOLUTIONS
PO BOX 1869
BRENTWOOD TN 37024-1869

LIEN, BONNIE
2324 MUSTANG WAY
SPRING HILL TN 37174-3506

LIPMAN, LARRY
5906 HILLSBORO PKE
NASHVILLE TN 37215-4604

LIPMAN, ROBERT
411 GREAT CIRCLE RD
NASHVILLE TN 37228-1403

LLOYD, MATT
PO BOX 251
THOMPSON STATION TN 37179-0251

LOCH COMPANY
PO BOX 92
ARRINGTON TN 37014-0092

LOUISIANA BD OF DRUGS
12091 BRICKSOME AVE, STE B
BATON ROUGE LA 70816-2774

LYNCH, TIM
2125 ANTIGUA DR
LEXINGTON KY 40509-9548

MANN, CHARLES
5853 GODWIN RD
SANTE FE TN 38482

MARTIN INVESTMENT HOLDINGS (SERIES 11)
40 BURTON HILLS BLVD, STE 100
NASHVILLE TN 37215-6291

MARTIN, CHARLES
40 BURTON HILLS BLVD, STE 100
NASHVILLE TN 37215-6291

~~MARY ELIZABETH FRANKLIN REVOCABLE~~
~~TRUST~~
~~301 BOWLING AVE~~
~~NASHVILLE TN 37205-2519~~

MASSEY, CINDY
PO BOX 751766
CHARLOTTE NC 28275-1766

MAXWELL MD, G PATRICK
C/O FRANK BUMSTEAD
PO BOX 340020
NASHVILLE TN 37203-0020

~~MCCREARY, PAUL~~
~~W140 N9572 FREISTADT RD~~
~~GERMANTOWN WI 53022~~

MCMAHAN, JOE
219 LEONARD AVE
NASHVILLE TN 37205-2425

MEDEXPRESS
PO BOX 7964
BELFAST ME 04915-7900

MEDFORD, ZACH
2211 NORFOLK, STE 403
HOUSTON TX 77098-4051

MEDLINE INDUSTRIES INC
LIBERTYVILLE-B02
1501 HARRIS RD
LIBERTYVILLE IL 60048-2433

MEDRIO INC
PO BOX 398372
SAN FRANCISCO CA 94139-8372

MERCY SURGICAL DRESSING GROUP INC.
4 ZESTA DR
PITTSBURGH PA 15205-9725

MICHIGAN SECTION ACOG
C/O KAREN CARTER
3031 W GRAND BLVD, STE 645
DETROIT MI 48202-5002

MIDDLE TN ELECTRIC MEMBERSHIP CORP
555 NEW SALEM HWY
MURFREESBORO TN 37129-3390

MIDEAST REGION KY WOCN
C/O BETH FANGMAN
3609 GLENCREEK LN
LOUISVILLE KY 40218-1520

MITCHELL WILLIAMS SELIG GATES PLLC
425 W CAPITOL AVE, STE 1800
LITTLE ROCK AR 72201-3527

~~MIXON, JOSH~~
~~PO BOX 13353~~
~~LEXINGTON KY 40583-3353~~

MOORE, JANINE E
4650 EVERAL LN
FRANKLIN TN 37064-7723

MOSS-DUDLEY, LAURIE
507 SANDPIPER CIR
NASHVILLE TN 37221-4387

MULLINS, KEITH
301 PLUS PARK BLVD STE 215
NASHVILLE TN 37217-1088

MULRON, TIMOTHY
717 BRESSLYN RD
NASHVILLE TN 37205-2601

MURARI, CHOKSI
801 DEL RIO PKE APT A12
FRANKLIN TN 37064-4232

MURPHY, SUSAN
500 DEADERICK ST
NASHVILLE TN 37242-0001

MURRAY, CHRISTIAN
116 HALLIARD DR
EATONTOWN NJ 07724-2182

MY OFFICE SUPPLY
PO BOX 306003
NASHVILLE TN 37230-6003

NANCE, AMY CROSS
103 FORREST CROSSING BLVD, STE 205
FRANKLIN TN 37064-5453

NATIONAL DISTRIBUTION AND CONTACTING
402 BNA DR STE 500
NASHVILLE TN 37217-2551

NATIONAL REGISTERED AGENTS
2875 MICHELLE ST 100
IRVINE CA 92606-1024

NDC
DEPT 169 PO BOX 37904
CHARLOTTE NC 28237-7904

NELSON, MEREDITH B
2704 TYNE BLVD
NASHVILLE TN 37215-4532

NER WOCN
1100 W CENTRE ST
SHENANDOAH PA 17976-1408

NORTH, DAVID
14142 KINGS FARM CT
MIDLOTHIAN VA 23113-3766

NOVACOPY
PO BOX 372 DEPT 200
MEMPHIS TN 38101-0372

NOVASTYLE HEALTH
5999 AVENIDA ENCINAS STE 100
CARLSBAD CA 92008-4460

O'SHAUGHNESSY MD, KRISTINA
2016 SUNSET HILLS TER
NASHVILLE TN 37215-4709

OH BUREAU OF WORKER'S COMPENSATION
BWC STATE INSUR FUND
PO BOX 89492
CLEVELAND OH 44101-6492

OH TREASURER OF STATE
30 E. BROAD ST 9TH FL
COLUMBUS OH 43215-3461

OHIO STATE UNIV
2020 BLANKENSHIP HALL
901 WOODY HAYES DR
COLUMBUS OH 43210-4016

OLK INVESTMENTS LLC
3468 W BLUFF AVE
FRESNO CA 93711-0105

OWEN, RHONDA
4113 HELENA BAY CT
HERMITAGE TN 37076-3151

PACIFIC BIOLABS
551 LINUS PAULING DR
HERCULES CA 94547-1830

PAOS
PO BOX 10781
GLENDALE AZ 85318-0781

PARANET CORP SVCS INC
3675 CRESTWOOD PKWY STE 350
DULUTH GA 30096-5054

PATTERSON INTELLECTUAL PROPERTY LAW
PC
ROUNDABOUT PLAZA
1600 DIVISION ST
NASHVILLE TN 37203-2754

PEACE COMMUNICATIONS LLC
PO BOX 909
CHATTANOOGA TN 37401-0909

PEARSON, LAURI
502 HUNTINGTON RIDGE DR
NASHVILLE TN 37211-5995

PENSAR MEDICAL LLC
684 PARKRIDGE AVE
NORCO CA 92860-3124

PHARMACO THERAPY CONSULTANTS LLC
101 CREEKSIDE CROSSING RD
STE 1700 PMB 389
BRENTWOOD TN 37027-1085

PIONEER MEDICAL INC
PO BOX 92545
NASHVILLE TN 37209-8545

PLURIS RESEARCH
1254 WINDSONG CT
BRENTWOOD TN 37027-8487

POE, ANTOINE
2223 KAVANAUGH BLVD
LITTLE ROCK AR 72205-3935

PORTER, ROBERT STEPHEN
101 CREEKSIDE CROSSING
STE 1700 PMB 389
BRENTWOOD TN 37027-1085

PORTER, STEPHEN
127 HABERSHAM RD
COLUMBIA TN 38401-5706

POWELL, TRACY
150 3RD AVE S, STE 1100
NASHVILLE TN 37201-2037

PREMIER HEALTHCARE ALLIANCE LP
PO BOX 847650
LOS ANGELES CA 90084-7650

PREMIER HEALTHCARE SOLUTIONS
5882 COLLECTIONS CENTER DR
CHICAGO IL 60693-0058

PRINT WORKS
493 CAVE RD
NASHVILLE TN 37210-2301

PUPELIS, ROB
2211 NORFOLK STE 403
HOUSTON TX 77098-4051

QUILL CORP
PO BOX 37600
PHILADELPHIA PA 19101-0600

R & B BUILDING MAINTENANCE
PO BOX 291652
NASHVILLE TN 37229-1652

R R DONNELLEY
7810 SOLUTION CTR
CHICAGO IL 60677-7008

R&Q
2790 MOSSIDE BLVD STE 800
MONROEVILLLE PA 15146-2768

REALSCENARIO INC
3745 SAN SIMEON CIR
WESTON FL 33331-5050

REBROVICK, LINDA
5202 CLOSE CIR
NASHVILLE TN 37205-2716

RED CARPET SELF STORAGE
108 WERTHAN CIR
FRANKLIN TN 37064-4019

REDDY MD, V SREENATH
3513 WOODMONT BLVD
NASHVILLE TN 37215-1427

REHBERG, KYLE
5370 N HILLBROOKE TRACE
ALPHARETTA GA 30005-7236

REPUBLIC SVCS
PO BOX 9001099
LOUISVILLE KY 40290-1099

RESCHKE, GARY RICHARD
7193 25 MILE RD
SHELBY TOWNSHIP MI 48316-1822

REYES ORTEGA, AMERELIS
7817 HEATON WAY
NASHVILLE TN 37211-7053

RIDGEFIELD PROPERTIES
515 CHURCH ST, STE 3703
NASHVILLE TN 37219-3009

ROBERT HALF EXECUTIVE SEARCH
PO BOX 743295
LOS ANGELES CA 90074-3295

RODEWALD, ALBERT
4814 BYRD LN
COLLEGE GROVE TN 37046-9261

ROEHLING, CHAD
17125 BRUMBELOW RD
NEEDVILLE TX 77461-1715

ROLAND'S PHOTOGRAPHY
2817 WEST END AVE #126-129
NASHVILLE TN 37203-1453

ROMANO, CRYSTAL
3108 DEERFIELD RIDGE DR
MCDONALD PA 15057-1503

ROSS, JAY HARDIN
4420 GERALD PLACE
NASHVILLE TN 37205-3806

RUSH FOUNDATION HOSPITAL
1314 9TH AVE
MERIDIAN MS 39301-4116

SAFE-DRY CARPET CLEANING
133 CITATION CT
BIRMINGHAM AL 35209-6306

SALENE TRUST
3821 INLET ISLE DR
CORONA DEL MAR CA 92625-1603

SALESFORCE.COM INC
PO BOX 203141
DALLAS TX 75320-3141

SAMRA, TJ
20 FOX FARMS RD
FLORENCE MA 01062-1335

SANTI MD, STEVE F
1105 RADNOR GLEN DR
BRENTWOOD TN 37027-4135

SARTORIUS
5 ORVILLE DR
BOHEMIA NY 11716-2535

SCHWABER MD, MITCHELL
703 OVERTON PK
NASHVILLE TN 37215-2451

SCR OF THE WOCN SOCIETY
ATTN: JANET FIELDS
5522 S DELAWARE CT
TULSA OK 74105-7436

SECRETARY OF STATE, DELAWARE
DIV OF CORPORATIONS
PO BOX 5509
BINGHAMTON NY 13902-5509

SEEZEN, HANS
1204 SAXON DR
NASHVILLE TN 37215-4408

SESLER, DEBBIE AND LYNETTE
301 ROSA L PARKS #411
NASHVILLE TN 37203-3581

SHAREFILE
120 S WEST ST
RALEIGH NC 27603-1834

SHEPARD EXPOSITION SVCS
1424 HILLS PL
ATLANTA GA 30318-2821

SHERRARD ROE VOIGHT & HARBISON PLC
150 3RD AVE S
NASHVILLE TN 37201-2011

SHIP MY ORDERS INC
1401 POPLAR LANE
NASHVILLE TN 37210-4519

SHIP MY ORDERS INC.
4031 INDUSTRIAL CTR DR STE 705
NORTH LAS VEGAS NV 89030-0231

SHOCK, KAREN
682 CR 431
THORNDALE TX 76577-8752

SIMONSEN, CHRISTOPHER M
4013 COPELAND DR
NASHVILLE TN 37215-2201

SITAR, AMI
21304 S FORREST VIEW DR
SHOREWOOD IL 60404-8227

SKYLINE EXHIBITOR SOURCE
144 BAIN DR, STE 100
LAVERGNE TN 37086-3642

SMITH JR, GEORGE D
1207 NICHOL LN
NASHVILLE TN 37205-4419

SMITH MD, DELL PARKER
1880 FILLMORE AVE N
TWIN FALLS ID 83301-3015

SMITH, DAVID
735 EAST IRON HILL RD
BURNS TN 37029-5231

SMITH, JOE
570 GRAND DR NE
CLEVELAND TN 37312-5066

SMITH, JOSHUA
6325 PERCY DR
NASHVILLE TN 37205

SMOOT, DIANN
3605 POINCIANA AVE
READING PA 19605-1555

SPI
LINCOLN TOWER PLAZA STE 505
524 S 2ND ST
SPRINGFIELD IL 62701-1749

ST JUDE CHILDREN'S RESEARCH HOSP
PO BOX 1000 DEPT 142
MEMPHIS TN 38148-0142

STANFORD UNIVERSITY
PO BOX 44253
SAN FRANCISCO CA 94144-4253

STERICYCLE INC
PO BOX 6575
CAROL STREAM IL 60197-6575

STEVENS MD, WILLIAM GRANT
13455 VENTURA BLVD, STE 208
SHERMAN OAKS CA 91423-6123

STINSON, CARLTON
1120 TYNE BLVD
NASHVILLE TN 37220-1029

STITES & HARBISON PLLC
SUNBTRUST PLAZA
401 COMMERCE ST, STE 800
NASHVILLE TN 37219-2490

TIMOTHY J PATTON TRUST
2100 LONDONDERRY
ANN ARBOR MI 48104-2804

TITZER, SCOTT
5520 INDUSTRIAL RD
MOUNT VERNON IN 47620-7200

TN DEPARTMENT OF REVENUE
TN ATTY GENERAL'S OFFC, BANKR DIV
PO BOX 20207
NASHVILLE TN 37202-4015

TN DEPT COMMERCE & INSUR
C/O TN ATTY GENERAL'S OFFC, BANKR D
PO BOX 20207
NASHVILLE TN 37202-4015

TN DEPT ENVIRONMENT & CONSERVATION
C/O TN ATTY GENERAL'S OFFC, BANKR D
PO BOX 20207
NASHVILLE TN 37202-4015

TN SEC OF STATE
C/O TN ATTY GENERAL'S OFFC, BANKR D
PO BOX 20207
NASHVILLE TN 37202-4015

TRAN, ANTHONY
510 GAY ST, APT 1113
NASHVILLE TN 37219-1239

TRAYLOR, KIP
9000 MACAULEY LN
NOLENSVILLE TN 37135-4014

TRK AESTHETIC CONSULTING
1302 GULLES HILL CT
BRANDON FL 33511-7612

ULINE
PO BOX 88741
CHICAGO IL 60680-1741

~~UNIV OF ROCHESTER - CTR FOR EXP~~
~~LEARNING~~
~~601 ELMWOOD AVE BOX 709~~
~~ROCHESTER NY 14642-0001~~

UPS
28013 NETWORK PL
CHICAGO IL 60673-1280

UPS 6Y1855
LOCKBOX 577
CAROL STREAM IL 60132-0577

US BANK
TMS-C/M 9581
PO BOX 70870
SAINT PAUL MN 55170-9581

US STORAGE CTRS
7102 BAKERS BRIDGE AVE
BRENTWOOD TN 37027-7985

VATA
308 S SEQUOIA PKWY
CANBY OR 97013-7825

VENDORMATE
3445 PEACHTREE RD NE STE 300
ATLANTA GA 30326-1234

VENTRESS DESIGN WORKS
PO BOX 158544
NASHVILLE TN 37215-8544

VERASONI
271 RT 46 W
H 202/203
FARIFIELD NJ 07004

VESTA
5400 W FRANKLIN DR
FRANKLIN WI 53132-8624

~~WALL, BILL~~
~~845 MIDDLE TENNESSEE BLVD, STE B~~
~~NASHVILLE TN 37205~~

WEBB, NANCY
715 BELLE MEADE BLVD, APT C-1
NASHVILLE TN 37205-3853

WELTY, TERRI
468 HUNT DR
LEWISVILLE TX 75067-8204

WESLYN, JENNIFER
PO BOX 933027
ATLANTA GA 31193-3027

WETRICH GROUP
325 MIRON DR STE 140
SOUTHLAKE TX 76092-7829

WILEY JR, DAVID W
109 CLARENDON AVE
NASHVILLE TN 37205-3301

WILEY, MARGARET H
109 CLAREDON AVE
NASHVILLE TN 37205-3301

WILLEMSEN, DONNA
11204 AVERY STATION LOOP
AUSTIN TX 78717-5052

WILLIAMSON COUNTY TRUSTEE
PO BOX 1365
FRANKLIN TN 37065-1365

~~WILSON, PEGGY~~
~~2002 ORVILLE DR N~~
~~RONKONKOMA NY 11779-7661~~

WITT, BRAD
3791 ROSS PARK DR
BIRMINGHAM AL 35226-6292

WITZENBERGER MD, THOMAS
901 EAST AMINO REAL, APT 7B
BOAC RATON FL 33432-6373

WOCN
ATTN CHRIS BROWN
1120 RTE 73, STE 200
MOUNT LAUREL NJ 08054-5113

WODOCK, PETE
12106 PEBBLEPOINTE PASS
CARMEL IN 46033-9678

WOODARD, SARA B
1306 ELIZABETH BLVD
FORT WORTH TX 76110-2516

WOUND CARE EDUCATION INST
25828 PASTORAL DR
PLAINFIELD IL 60585-2533

WOUND SOURCE
KESTREL HEALTH INFORMATION INC
PO BOX 189
HINESBURG VT 05461-0189

WOUNDEDUCATORS.COM LLC
ATTN LAURIE SWEZEY
4521 PGA BLVD #508
PALM BCH GARDENS FL 33418-3997

WOZNIAK, CHRIS
4 SPLIT ROCK RD
PITTSFORD NY 14534-1814

WRIGHT, MARK
419 PRESTWICK CT
NASHVILLE TN 37205-5016

WU, ROY
2000 POWELL ST STE 1150
EMERYVILLE CA 94608-1866

YAEGER, WAYNE
3234 RAMBLING HILL CT
ALLENWOOD NJ 08720-7024

**ASSET PURCHASE AGREEMENT**

  THIS ASSET PURCHASE AGREEMENT (the "**Agreement**") is made and entered into as of the ___ day of December, 2018, by and between Phase One Health, LLC ("**Buyer**"), a Tennessee limited liability company, and John C. McLemore ("**Trustee**"), solely in his capacity as Chapter 7 Trustee for Integrated Healing Technologies, LLC ("**Debtor**") and Debtor's bankruptcy estate.

**W I T N E S S E T H :**

  **WHEREAS**, on July 9, 2018, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*., (the "**Bankruptcy Code**") in the U.S. Bankruptcy Court for the Middle District of Tennessee (the "**Bankruptcy Court**") under Case No. 3:18-bk-04526 (the "**Bankruptcy Case**");

  **WHEREAS**, on July 10, 2018, Trustee was appointed the Chapter 7 Trustee for Debtor and Debtor's bankruptcy estate; and

  **WHEREAS**, Trustee desires to sell, and Buyer desires to purchase from Trustee, on the terms and conditions hereinafter set forth, the Purchased Assets (as hereinafter defined);

  **NOW, THEREFORE**, in consideration of the mutual covenants and agreements contained herein, Trustee and Buyer hereby agree as follows:

**ARTICLE 1**
**DEFINITIONS**

  **1.1**  **Definitions**.  Unless otherwise stated in this Agreement, the following terms shall have the following meanings, the following definitions to be equally applicable to both the singular and plural forms of any of the terms herein defined:

  "**Approvals**":  All consents and approvals required or contemplated to be obtained by Trustee in connection with the Transaction, including, without limitation, the entry of the Sale Order by the Bankruptcy Court.

  "**Buyer Documents**":  This Agreement and the other Operative Documents executed and delivered by Buyer.

  "**Claim**":  As defined in Section 101(5) of the Bankruptcy Code.

  "**Governmental Body**": Any court or any federal, state, municipal or other governmental department, commission, board, bureau, agency or instrumentality, domestic or foreign.

  "**Liabilities**": Any liability, indebtedness, obligation, commitment, expense, guaranty or endorsement of or by any Person of any type, whether accrued, absolute, contingent, matured, unmatured or other.

  "**Lien**": Any lien, pledge, easement, security interest, option, right of first refusal, interest, deed of trust, mortgage, encroachment, conditional sales agreement or encumbrance.

4848-9443-7496.5

Case 3:18-bk-04526  Doc 91  Filed 01/03/19  Entered 01/03/19 11:42:38  Desc Main
Document  Page 17 of 45

"**Operative Documents**": This Agreement and all other instruments and documents executed and delivered by Trustee or Buyer at or before Closing (as hereinafter defined) pursuant to this Agreement.

"**Person**": An individual, partnership, joint venture, corporation, limited liability company, bank, trust, unincorporated organization and/or a Governmental Body.

"**Sale Order**": The order of the Bankruptcy Court approving the sale and transfer of the Purchased Assets (as hereinafter defined) to Buyer, free and clear of all Claims, Liens and Liabilities other than the Assumed Liabilities (as hereinafter defined) and finding that Buyer is a "good faith" buyer under Section 363(m) of the Bankruptcy Code.

"**Trustee Documents**": This Agreement and the other Operative Documents executed and delivered by Trustee.

"**Transaction**": The sale and purchase of the Purchased Assets as contemplated by this Agreement.

## ARTICLE 2
## PURCHASED ASSETS; ASSUMED LIABILITIES

**2.1** **Agreement to Purchase and Sell**. On the terms and subject to the conditions of this Agreement, Trustee agrees to sell, assign, transfer, convey and deliver, or cause to be sold, assigned, transferred, conveyed or delivered, to Buyer or Buyer's designee, and Buyer agrees to purchase from Trustee, free and clear of all Claims, Liens and Liabilities other than Assumed Liabilities (as hereinafter defined), pursuant to sections 363 and 365 of the Bankruptcy Code, all Debtor's assets and all assets of Debtor's bankruptcy estate including, but not limited to, all properties, rights, privileges and claims of every kind, nature, character and description, real, personal and mixed, tangible and intangible, absolute or contingent, wherever located (other than the Excluded Assets (as hereinafter defined)) (such assets being conveyed are hereinafter collectively referred to as the "**Purchased Assets**"). The Purchased Assets include, but are not limited to, the following:

(a)    All inventory, supplies, and raw materials;

(b)    All equipment, machinery, furniture, fixtures, computer equipment, spare parts, tools and any other tangible personal property;

(c)    All purchase orders, accounts, accounts receivable, rights to payment, promissory notes, documents and instruments, except for the personal property that is currently located at Colson Auction;

(d)    All general intangibles, software and domain names;

(e)    All investment property including, but not limited to all stock in NovaBay Pharmaceuticals, Inc. ("**NovaBay**");

(f)    All foreign and domestic patents, patent applications, trademarks, servicemarks, and copyrights including, without limitation, the patents and trademarks described on

Schedule 2.1(f) hereto, all trade names, domain names and trade secrets, all financial and marketing business data, pricing and cost information, business and marketing plans, customer and suppliers lists, licenses, goodwill and all other intangible or intellectual property (the "**Intellectual Property**");

(g)     All of right, title and interest under the contracts listed on Schedule 2.1(g) hereto (the "**Assigned Contracts**"); provided, however, Buyer may in its sole and absolute discretion to remove any Assigned Contract from Schedule 2.1(g) prior to entry of the Sale Order and with respect to such Assigned Contract so removed from Schedule 2.1(g), Buyer will have no liability whatsoever;

(h)     To the extent assignable, all FDA approvals and/or clearances, and all permits (including all approvals, authorizations, licenses, orders, registrations, certificates, variances, exemptions and other similar permits or rights), obtained from any Governmental Body and all pending applications therefor;

(i)     Except as provided in Section 2.2 hereof, all rights or causes of action arising out of occurrences before or after the Closing and related to the Purchased Assets; and

(j)     Except as provided in Section 2.2 hereof, all books, records, ledgers, files, documents (including originally executed copies of written contracts), customer and supplier lists, correspondence, memoranda, forms, lists, documents relating to the Intellectual Property, advertising and promotional materials, studies, reports, sales and purchase correspondence, photographs, quality control records and procedures, equipment maintenance records, manuals and warranty information, research and development files, subject to Trustee's rights under Section 7.3 hereof.

**2.2     Assets Not to be Conveyed**.  Notwithstanding Section 2.2, the Purchased Assets shall not include (the "**Excluded Assets**"):

(a)     All claims and causes of action of the estate of Debtor, Trustee and/or the Debtor's bankruptcy estate against third parties arising under the provisions of sections 544 through 553 of the Bankruptcy Code;

(b)     All (i) books and records related to the Excluded Assets and Non-Assumed Liabilities (as hereinafter defined), (ii) tax returns, tax books and records, and (iii) records relating to the Bankruptcy Case;

(c)     All executory contracts and unexpired leases other than the Assigned Contracts;

(d)     Assets, if any, in Debtor's executive or incentive compensation, bonus, deferred compensation, pension, profit sharing, savings, retirement, stock option, stock purchase, group life, health or accident insurance or other employee benefit plans, and all contracts and other agreements and documents relating to all such plans;

(e)     All cash and deposit accounts, if any; and

(f)     The Purchase Price (as hereinafter defined) being delivered by Buyer pursuant to this Agreement.

**2.3     Assumed Liabilities**.

(a)     From and after the Closing, Buyer or Buyer's designee shall agree to (i) assume and discharge or perform when due all liabilities and obligations that accrue and are required to be performed after the Closing Date pursuant to the Assigned Contracts (the "**Assumed Liabilities**").

(b)     Other than the Assumed Liabilities, neither Buyer nor Buyer's designee shall assume or be bound by or be obligated or responsible for any Claims, Liabilities, Liens, duties, responsibilities, commitments, expenses or obligations of Debtor or Trustee (or which may be asserted against or imposed upon Buyer as a successor or transferee of Debtor, as an acquirer of the Purchased Assets, or otherwise as a matter of law) of any kind or nature, whether fixed or contingent, known or unknown (and including, but not limited to, warranty claims and employee benefit plan obligations or claims) (the "**Non-Assumed Liabilities**").

**2.4     Taxes**.  Buyer shall not be responsible for any taxes, charges, fees, levies, penalties or other assessments imposed by any federal, state, territorial, local or foreign taxing authority, including income, gross receipts, excise, property, sales, transfer, franchise, payroll, withholding, social security and other taxes including any interest, penalties or additions attributable thereto ("**Taxes**") in connection with, relating to or arising out of the Purchased Assets attributable to taxable periods, or portions thereof, ending on or before 11:59 p.m. of the day immediately preceding the Closing, which Taxes shall be a Non-Assumed Liability.

**2.5     Additional Agreements**.  Without the prior written consent of Buyer, from and after the date of this Agreement and until the Closing Date, Trustee agrees that Trustee shall not sell, lease, transfer or dispose of any of the Purchased Assets.

## ARTICLE 3
## PURCHASE PRICE; TRANSFER OF PURCHASED ASSETS

**3.1     Purchase Price**.  The aggregate purchase price for the Purchased Assets (the "**Purchase Price**") is the sum of One Hundred Seventy-Five Thousand and No/Dollars ($175,000) to be paid to Trustee in cash at Closing.

**3.3     Transfer of the Purchased Assets**.  All Purchased Assets shall be transferred to Buyer or Buyer's designee in an as-is, where-is condition as of the Closing.

## ARTICLE 4
## CLOSING

**4.1     Time and Place**.  The sale and purchase of the Purchased Assets pursuant to this Agreement ("**Closing**") shall occur within five (5) business days after the entry of the Sale Order (the "**Closing Date**").

**4.2     Actions Taken at Closing by Trustee**.  At Closing, Trustee shall take the following actions, all of which shall constitute conditions precedent to Buyer's obligation to close hereunder:

(a)     Trustee shall execute and deliver to Buyer or Buyer's designee the Bill of Sale, Assignment and Assumption Agreement (the "**Bill of Sale**") in the form of **Exhibit A** hereto;

(b)     Trustee shall execute and deliver to Buyer or Buyer's designee the Assignment of Patents (the "**Patent Assignment**") in the form of **Exhibit B** hereto;

(c)     Trustee shall execute and deliver to Buyer or Buyer's designee the Assignment of Trademarks (the "**Trademark Assignment**") in the form of **Exhibit C** hereto;

(d)     Trustee shall deliver to Buyer or Buyer's designee copies of the Approvals; and

(e)     Trustee shall execute and deliver to Buyer or Buyer's designee such further assignments, conveyances and other assurances, documents and instruments of transfer, consistent with the terms of this Agreement, as Buyer or Buyer's designee may reasonably request.

**4.3     Actions Taken at Closing by Buyer**.  At Closing, Buyer or Buyer's designee shall take the following actions, all of which shall constitute conditions precedent to Trustee's obligation to close hereunder:

(a)     Buyer or Buyer's designee shall execute and deliver to Trustee the Bill of Sale; and

(b)     Buyer or Buyer's designee shall execute and deliver to Trustee such further certificates, closing statements, instruments, documents and papers, consistent with the terms of this Agreement, as Trustee may reasonably request.

**ARTICLE 5**
**TRUSTEE'S REPRESENTATIONS AND WARRANTIES**

Trustee represents and warrants to Buyer as of the date hereof, and as of the date of Closing, as follows:

**5.1     Authority**.  Subject to Bankruptcy Court Approval, Trustee has power and authority to execute and deliver this Agreement and the other Trustee Documents and to carry out the terms and obligations hereof and thereof.

**5.2     Execution and Delivery**.  This Agreement and the other Trustee Documents have been duly executed by Trustee, and, subject to obtaining the Approvals, constitute valid and binding obligations of Trustee, enforceable against Trustee in accordance with their respective terms and conditions.

**5.3     Consents**.  Subject to obtaining the Approvals, no approval, consent, authorization or action of or filing with any Governmental Body is required for the execution, delivery or performance by Trustee of this Agreement or the other Trustee Documents.

## ARTICLE 6
## BUYER'S REPRESENTATIONS AND WARRANTIES

Buyer represents and warrants to Trustee as of the date hereof, and as of the date of Closing, as follows:

**6.1     Organization and Standing**.  Buyer is a Tennessee limited liability company duly organized, validly existing and in good standing under the laws of the State of Tennessee.

**6.2     Authority**.  Buyer and Buyer's designee have full power and authority (corporate and otherwise) to execute and deliver this Agreement and all of the other Buyer Documents and to carry out the terms and obligations hereof and thereof.  Buyer and Buyer's designee have taken all corporate action necessary to authorize the execution, delivery and performance of this Agreement and all of the other Buyer Documents.

**6.3     Execution and Delivery**.  This Agreement and the other Buyer Documents have been duly executed by Buyer and constitute valid and binding obligations of Buyer, enforceable against Buyer in accordance with their respective terms and conditions.

**6.4     Consents**.  No approval, consent, authorization or action of or filing with any Governmental Body or other third party is required for the execution, delivery or performance by Buyer of this Agreement or the other Buyer Documents.

## ARTICLE 7
## BUYER'S COVENANTS

**7.1     Consummation of Agreement**.  Buyer agrees to use commercially reasonable efforts to cause the consummation of the Transaction contemplated by this Agreement in accordance with its terms and conditions.

**7.2     Assumed Liabilities**.  From and after the Closing Date, Buyer or Buyer's designee shall perform and discharge the Assumed Liabilities.

**7.3     Access to Books and Records**.  From and after the Closing and until the later of one (1) year from the Closing or the closing of the Bankruptcy Case, Buyer or Buyer's designee shall afford Trustee and its representatives reasonable access, during normal business hours, to the records included in the Purchased Assets.  During such period Trustee may, at its expense, make copies of any such records that Trustee may reasonably need.  Neither Buyer nor Buyer's designee will be required to keep any such records after the expiration of such period.

## ARTICLE 8
## BUYER'S CONDITIONS PRECEDENT

Except as may be waived in writing by Buyer, and in addition to the conditions set forth in Section 4.2 of this Agreement, the obligations of Buyer hereunder are subject to the fulfillment at or prior to Closing of each of the following conditions:

**8.1     Representations and Warranties**.  The representations and warranties of Trustee contained herein shall be true and correct in all material respects as of Closing with the same effect

as though such representations and warranties had been made on and as of such date.

**8.2  Covenants**.  Trustee shall have performed and complied with all covenants or conditions required by this Agreement to be performed and complied with by it on or prior to Closing.

**8.3  Proceedings**.  No Governmental Body shall have issued an order, not subsequently vacated, restraining, enjoining or otherwise prohibiting the consummation of the Transaction.  No Person shall have instituted a proceeding which shall not have been previously dismissed seeking to restrain, enjoin or prohibit the consummation of the Transaction.

**8.4  Sale Order**.  The Bankruptcy Court shall have entered the Sale Order and the Sale Order shall not be subject to any stay.

**8.5  NovaBay.**  Buyer and NovaBay shall have executed amendments to the Private Label Agreement dated as of October 24, 2012, as amended by that First Amendment to Private Label Agreement dated as of July 20, 2013, and that Second Amendment to Private Label Agreement dated as of October, 2015, in the form previously agreed to by Buyer and NovaBay.

## ARTICLE 9
## TRUSTEE'S CONDITIONS PRECEDENT

Except as may be waived in writing by Trustee, and in addition to the conditions set forth in Section 4.3 of this Agreement, the obligations of Trustee hereunder are subject to fulfillment at or prior to Closing of each of the following conditions:

**9.1  Representations and Warranties**.  The representations and warranties of Buyer contained herein shall be true and correct as of Closing with the same effect as though such representations and warranties had been made on and as of such date.

**9.2  Covenants**. Buyer shall have performed and complied with all covenants or conditions required by this Agreement to be performed and complied with by it on or prior to Closing.

**9.3  Proceedings**.  No Governmental Body shall have issued an order, not subsequently vacated, restraining, enjoining or otherwise prohibiting the consummation of the Transaction.  No Person shall have instituted a proceeding which shall not have been previously dismissed seeking to restrain, enjoin or prohibit the consummation of the Transaction.

**9.4  Sale Order**.  The Bankruptcy Court shall have entered the Sale Order and the Sale Order shall not be subject to any stay.

## ARTICLE 10
## TERMINATION; AMENDMENT; WAIVER

**10.1  Termination**.  This Agreement and the transactions contemplated hereby may be terminated, as follows:

(a)     at any time prior to the Closing by the mutual consent of Buyer and Trustee;

(b)     at any time prior to the Closing by Buyer if Trustee is in breach of any material covenant, representation, undertaking or warranty;

(c)     at any time prior to the Closing by Trustee if Buyer is in breach of any material covenant, representation, undertaking or warranty contained in this Agreement;

(d)     by either Buyer or Trustee if any court of competent jurisdiction in the United States of America or other Governmental Body shall have issued an order, decree or ruling or taken any other action restraining, enjoining or otherwise prohibiting the Transaction, and such order, decree, ruling or other action shall have been final and non-appealable; or

(e)     by either Buyer or Trustee if the Closing shall not have occurred by January 31, 2019, provided, however, that no party may terminate this Agreement pursuant to this subsection (e) if the failure to close by such date is the result of such party's breach of any material covenant, representation, undertaking or warranty contained in this Agreement.

**10.2    Effect of Termination**.

(a)     If this Agreement is terminated pursuant to Section 10.1(a), (d) or (e), this Agreement shall forthwith become void and have no effect without any liability to any party.

(b)     If this Agreement is terminated pursuant to Section 10.1(b) or 10.1(c), the terminating party shall have all rights and remedies available at law or in equity.

**10.3    Extension; Waiver**.    At any time prior to the date of Closing, either party may (a) extend the time for the performance of any of the obligations or other acts of the non-waiving party, (b) waive any inaccuracies in the representations and warranties contained herein or in any document, certificate or writing delivered pursuant hereto by the non-waiving party, or (c) waive compliance with any of the agreements or conditions contained herein by the non-waiving party. Any agreement on the part of any party to any such extension or waiver shall be valid only if set forth in an instrument in writing signed on behalf of such party.

## ARTICLE 11
## BANKRUPTCY COURT PROCEEDINGS

**11.1    Bankruptcy Court Motions and Orders**.    Promptly after the execution of this Agreement by Trustee and Buyer, Trustee shall file a motion in the Bankruptcy Court (the "**Sale Motion**") for the entry of an order approving the terms of this Agreement (the "**Sale Order**"), which Sale Motion and Sale Order shall be in form acceptable to Buyer in its reasonable discretion. Without limiting the foregoing, the Sale Order or other order signed by the Bankruptcy Court shall include a finding that there are no material defaults with respect to the Assigned Contracts and that no payments or other actions are owed to the counter-party, or, in the alternative, the payments or actions necessary to cure any such defaults.

**11.2    Notice**.    Trustee shall provide notice of any hearing on the Sale Motion or any other matter before the Bankruptcy Court relating to this Agreement, in each case as required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of the Middle District of Tennessee or as otherwise ordered by the Bankruptcy Court.

**11.3   Certain Bankruptcy Undertakings by Trustee**.  From and after the date hereof, except as ordered by the Bankruptcy Court, consistent with his fiduciary duties and the sale of the Purchased Assets to a higher bidder, Trustee shall neither take any action, nor fail to take any action, which action or failure to act would reasonably be expected to (i) prevent or impede the consummation of the Transaction contemplated by this Agreement in accordance with the terms of this Agreement; or (ii) result in (A) the reversal, avoidance, revocation, vacating or modification (in any manner that would reasonably be expected to materially and adversely affect Buyer's rights), or (B) the entry of a stay pending appeal.

## ARTICLE 12
## MISCELLANEOUS

**12.1   Notice**.  All notices, requests, claims, demands, and other communications under this Agreement shall be in writing and shall be deemed to have been duly given when delivered in person, overnight delivery service or by registered or certified mail (postage prepaid, return receipt requested) to the respective parties as follows:

| | |
|---|---|
| Trustee: | John C. McLemore |
| | Law Office of John C. McLemore, PLLC |
| | 2000 Richard Jones Rd., Ste. 250 |
| | Nashville, TN 37215 |
| | |
| with a copy to: | Phillip G. Young |
| | Thompson Burton PLLC |
| | One Franklin Park |
| | 6100 Tower Circle, Suite 200 |
| | Franklin, TN 37067 |
| | |
| Buyer: | Phase One Health, LLC |
| | 411 Great Circle Road |
| | Nashville, TN  37228 |
| | Attention: Robert Lipman |
| | |
| with copy to: | Bradley Arant Boult Cummings LLP |
| | 1600 Division Street, Suite 700 |
| | Nashville, TN 37203 |
| | Attention: E. Berry Holt III |

or such other individual and address as shall be supplied in writing to the other parties by any means specified above.

**12.2   Further Cooperation**.  Each party shall, at any time and from time to time after Closing, upon request by the other party and without further consideration, execute and deliver such instruments of transfer or other documents and take such further action as may be reasonably required in order to fully consummate the Transaction in accordance with this Agreement or to carry out and perform any undertaking made by the parties hereunder.

**12.3   Severability**.  It is expressly understood and agreed that, to the extent permitted by

applicable law, the provisions hereof are each several from the rest of this Agreement and shall be fully effective, operative and enforceable even though the remainder of any part of this Agreement shall be held to be invalid or unenforceable by a court of competent jurisdiction.

**12.4  Amendment**.  This Agreement may be amended, modified or supplemented only by an instrument in writing executed by the party against which enforcement of the amendment, modification or supplement is sought.

**12.5  Assignability**.  None of the parties shall assign its rights or obligations under this Agreement, by operation of law or otherwise, in whole or in part, without the prior written consent of the other party; provided, however, that (i) Buyer may assign its rights and obligations hereunder to any affiliate of Buyer, and (ii) Buyer may, without consent of any other party, cause one or more affiliates of Buyer to carry out all or part of the transactions contemplated hereby.

**12.6  Costs and Expenses**.  Buyer and Trustee shall each be responsible for their own costs and expenses in connection with the negotiation and execution of this Agreement and other Operative Documents.

**12.7  Exhibits and Schedules**.  The Exhibits and Schedules referred to in this Agreement and attached hereto are and shall be incorporated herein and made a part hereof for all purposes.

**12.8  Sections and Articles**.  All Sections and Articles referred to herein are sections and articles of this Agreement, and all Exhibits and Schedules referred to herein are exhibits and schedules, respectively, attached to this Agreement.

**12.9  Entire Agreement**.  This Agreement and the other Operative Documents and instruments executed and delivered by the parties to each other at Closing constitute the full understanding of the parties, a complete allocation of risks between them and a complete and exclusive statement of the terms and conditions of their agreement relating to the subject matter hereof and supersede any and all prior agreements, whether written or oral.  There are no warranties, representations or other agreements between the parties in connection with the subject matter hereof except as set forth specifically herein.  No waiver by either party with respect to any breach or default or of any right or remedy, and no course of dealing, shall be deemed to constitute a continuing waiver of any other breach or default or of any other right or remedy, unless such waiver be expressed in writing signed by the party to be bound.  Failure of either party to exercise any right shall not be deemed a waiver of such right in the future.

**12.10 Headings**.  Headings as to the contents of particular articles and sections are for convenience only and are in no way to be construed as part of this Agreement or as a limitation of the scope of the particular articles or sections to which they refer.

**12.11 Governing Law**.  Except to the extent inconsistent with the Bankruptcy Code, this Agreement and the Operative Documents shall be governed by and construed and enforced in accordance with the laws of the State of Tennessee, without regard to its conflicts of law rules.

**12.12 Jurisdiction**.  Each of the parties agrees that any proceeding brought to enforce the rights or obligations of any party under this Agreement or any Operative Document shall be commenced and maintained in the Bankruptcy Court, and the Bankruptcy Court shall have exclusive jurisdiction over any such proceeding.

**12.13 DISCLAIMER**.  TRUSTEE IS NOT MAKING ANY REPRESENTATIONS OR WARRANTIES REGARDING THE PURCHASED ASSETS, EXPRESS OR IMPLIED. WITHOUT LIMITING THE FOREGOING, BUYER ACKNOWLEDGES THAT THE PURCHASED ASSETS ARE CONVEYED "AS IS", "WHERE IS" AND "WITH ALL FAULTS" AND THAT ALL WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE ARE DISCLAIMED. FURTHERMORE BUYER ACKNOWLEDGES THAT TRUSTEE HAS MADE NO REPRESENTATION OR WARRANTY CONCERNING (I) ANY USE TO WHICH THE PURCHASED ASSETS MAY BE PUT, (II) ANY FUTURE REVENUES, COSTS, EXPENDITURES, CASH FLOW, RESULTS OF OPERATIONS, FINANCIAL CONDITION OR PROSPECTS THAT MAY RESULT FROM THE OWNERSHIP, USE OR SALE OF THE PURCHASED ASSETS, (III) ANY OTHER INFORMATION OR DOCUMENTS MADE AVAILABLE TO BUYER OR ITS AFFILIATES OR REPRESENTATIVES, OR (IV) THE CONDITION OF THE PURCHASED ASSETS.

**12.14 Binding Effect**.  This Agreement shall be binding upon and inure to the benefit of the parties and their respective administrators, permitted assigns, and legal representatives.

**12.15 Finders' Fees**.  Notwithstanding any other provision of this Agreement to the contrary, each party hereto shall be solely responsible for the fees of any broker, investment banker or third party who acted on behalf of such party as a broker or finder in connection with the Transaction.

**12.16 Parties in Interest**.  Nothing in this Agreement or any Operative Document, whether expressed or implied, is intended to confer any rights or remedies under or by reason of this Agreement on any Persons other than the parties hereto and their respective successors and permitted assigns, nor is anything in this Agreement intended to relieve or discharge the obligation or liability of any third Persons to any party to this Agreement, nor shall any provision give any third Person any right of subrogation or action over or against any party to this Agreement.

**12.17 Counterparts**.  This Agreement may be executed in counterparts with all signatures or by counterpart signature pages, and it shall not be necessary that the signatures of all parties be contained on any one document.  Each counterpart shall be deemed an original, but all of them together shall constitute one and the same instrument.  This Agreement may be delivered by facsimile or by an attachment to email in .pdf or other ordinary digital format.

**12.18 Number**.  Whenever used in this Agreement, the singular number shall include the plural and the plural number shall include the singular.

**12.19 Construction**.  This Agreement has been drafted by all of the parties hereto and should not be construed against any of the parties hereto.

**12.20 No Consequential Damages**.  In connection with any breach of this Agreement or any Operative Document, the parties hereby waive, to the extent permitted by law, any right to receive or claim any consequential, punitive, special or incidental damages, or any damages other than, or in addition to, actual damages.

**12.21 Survival of Representations and Warranties**.  The representations or warranties made in this Agreement, any Operative Document or any Exhibit or Schedule delivered in connection with the Transaction shall survive the Closing for a period of six (6) months.

**12.22 Time of the Essence**.   Time is of the essence with respect to the transactions contemplated by this Agreement.

**[Signature Page Follows]**

IN WITNESS WHEREOF, this Agreement has been duly executed and delivered by the parties hereto to be effective on the date first hereinabove written.

_____
John C. McLemore, Trustee

PHASE ONE HEALTH, LLC

By _____

Its _____

**EXHIBIT A**

**Form of Bill of Sale**

**GENERAL BILL OF SALE AND ASSIGNMENT**

This is a General Bill of Sale and Assignment (this "**Agreement**"), dated as of _____, 2018, by and between Phase One Health, LLC, a Tennessee limited liability company ("**Buyer**"), and John C. McLemore ("**Trustee**"), solely in his capacity as Chapter 7 Trustee for Integrated Healing Technologies, LLC ("**Debtor**") and Debtor's bankruptcy estate.

RECITAL

**WHEREAS**, this Agreement is being entered into to effect the transactions contemplated by that certain Asset Purchase Agreement, dated as of December __, 2018, among Buyer and Trustee (the "**Purchase Agreement**").

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1.      <u>Definitions</u>.  All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Purchase Agreement.

2.      <u>Transfer of Purchased Assets</u>.  Trustee  hereby sells, conveys, transfers, assigns and delivers to Buyer all of its right, title and interest in and to the Purchased Assets free and clear of all Claims, Liens and Liabilities other than Assumed Liabilities.

3.      <u>Assumption of Assumed Liabilities</u>.  Buyer hereby assumes and agrees to pay, perform and discharge the Assumed Liabilities, all in accordance with and subject to the Purchase Agreement.

4.      <u>Severability</u>.  It is expressly understood and agreed that, to the extent permitted by applicable law, the provisions hereof are each several from the rest of this Agreement and shall be fully effective, operative and enforceable even though the remainder of any part of this Agreement shall be held to be invalid or unenforceable by a court of competent jurisdiction.

5.      <u>Amendment</u>.  This Agreement may be amended, modified or supplemented only by an instrument in writing executed by the party against which enforcement of the amendment, modification or supplement is sought.

6.      <u>Entire Agreement</u>.  This Agreement, the Purchase Agreement and the other Operative Documents constitute the full understanding of the parties, a complete allocation of risks between them and a complete and exclusive statement of the terms and conditions of their agreement relating to the subject matter hereof and thereof and supersede any and all prior agreements, whether written or oral, that may exist between the parties with respect thereto.

There are no warranties, representations or other agreements between the parties in connection with the subject matter hereof except as set forth specifically herein or therein.

7. <u>Headings</u>. Headings as to the contents of particular articles and sections are for convenience only and are in no way to be construed as part of this Agreement or as a limitation of the scope of the particular articles or sections to which they refer.

8. <u>Governing Law</u>. Except to the extent inconsistent with the Bankruptcy Code, this Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Tennessee, without regard to its conflicts of law rules.

9. <u>Jurisdiction</u>. Each of the parties agrees that any proceeding brought to enforce the rights or obligations of any party under this Agreement shall be commenced and maintained in the Bankruptcy Court, and the Bankruptcy Court shall have exclusive jurisdiction over any such proceeding. .

10. <u>DISCLAIMER</u>. TRUSTEE IS NOT MAKING ANY REPRESENTATIONS OR WARRANTIES REGARDING THE PURCHASED ASSETS, EXPRESS OR IMPLIED. WITHOUT LIMITING THE FOREGOING, BUYER ACKNOWLEDGES THAT THE PURCHASED ASSETS ARE CONVEYED "AS IS", "WHERE IS" AND "WITH ALL FAULTS" AND THAT ALL WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE ARE DISCLAIMED. FURTHERMORE BUYER ACKNOWLEDGES THAT TRUSTEE HAS MADE NO REPRESENTATION OR WARRANTY CONCERNING (I) ANY USE TO WHICH THE PURCHASED ASSETS MAY BE PUT, (II) ANY FUTURE REVENUES, COSTS, EXPENDITURES, CASH FLOW, RESULTS OF OPERATIONS, FINANCIAL CONDITION OR PROSPECTS THAT MAY RESULT FROM THE OWNERSHIP, USE OR SALE OF THE PURCHASED ASSETS, (III) ANY OTHER INFORMATION OR DOCUMENTS MADE AVAILABLE TO BUYER OR ITS AFFILIATES OR REPRESENTATIVES, OR (IV) THE CONDITION OF THE PURCHASED ASSETS.

11. <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of the parties and their respective administrators, assigns and legal representatives.

12 <u>Counterparts</u>. This Agreement may be executed in counterparts with all signatures or by counterpart signature pages, and it shall not be necessary that the signatures of all parties be contained on any one document. Each counterpart shall be deemed an original, but all of them together shall constitute one and the same instrument. This Agreement may be delivered by facsimile or by and attachment to email in .pdf or other ordinary digital format.

13 <u>Number</u>. Whenever used in this Agreement, the singular number shall include the plural and the plural number shall include the singular.

14 <u>Construction</u>. This Agreement has been drafted by all of the parties hereto and should not be construed against any of the parties hereto.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of date first written above.

_____
John C. McLemore, Trustee


PHASE ONE HEALTH, LLC


By _____

Its _____

## EXHIBIT B

### Form of Assignment of Patents

### ASSIGNMENT OF PATENTS

This Assignment of Patents ("**Assignment**") is executed as of _____, 2018, by John C. McLemore ("**Trustee**"), solely in his capacity as Chapter 7 Trustee for Integrated Healing Technologies, LLC ("**Debtor**") and Debtor's bankruptcy estate in favor of Phase One Health, LLC ("**Assignee**"), a Tennessee limited liability company.

**WHEREAS**, on July 9, 2018, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*., (the "**Bankruptcy Code**") in the U.S. Bankruptcy Court for the Middle District of Tennessee (the "**Bankruptcy Court**") under Case No. 3:18-bk-04526 (the "**Bankruptcy Case**");

**WHEREAS**, on July 10, 2018, Trustee was appointed the Chapter 7 Trustee for Debtor and Debtor's bankruptcy estate pursuant to the Order attached as **Exhibit A**; and

**WHEREAS**, on December ___, 2018, the Bankruptcy Court entered its order approving the Trustee's sale of various assets to Assignee including, but not limited to, the Patents (as hereinafter defined) (the "**Sale Order**"); and

**WHEREAS**, a true and exact copy of the Sale Order is attached hereto as **Exhibit B**;

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor by and through the Trustee hereby assigns, transfers, sells and conveys to Assignee all of Assignor's right, title and interest in and to the Patents (as hereinafter defined), together with the exclusive right to enforce the Patents to the full extent allowable in their applicable jurisdictions in the United States and throughout the world in the sole name of Assignee, and the exclusive right to sue for and recover for its own use accrued profits and damages for any and all infringements of the Patents, including, but not limited to, past infringements.

For the purpose of public recording the present assignment of rights in foreign jurisdictions, Trustee agrees to execute all reasonable documents presented to Trustee by Assignee that are necessary or desirable for effective, perfecting, or recording the assignment of rights in the applicable foreign patent office, at Assignee's expense.

The term "**Patents**," as used herein, means the patents and patent applications specified on **Exhibit C** attached hereto including any and all reissues, extensions, divisions, continuations and continuations-in-part and reexaminations thereof.

This Assignment is executed pursuant to that Asset Purchase Agreement dated October ___, 2018, between Assignor and Assignee.

This Assignment shall inure to the benefit of the heirs, successors and assigns of Assignee.

**IN WITNESS WHEREOF**, Assignor has executed this instrument as of the date stated above.

_____
John C. McLemore, Trustee


PHASE ONE HEALTH, LLC

By _____

Its _____

# EXHIBIT A TO ASSIGNMENT OF PATENTS

## Appointment of Trustee

# EXHIBIT B TO ASSIGNMENT OF PATENTS

## Sale Order

# EXHIBIT C TO ASSIGNMENT OF PATENTS

## Patents

| Application No. | Filing Date | Patent No. | Issue Date |
|---|---|---|---|
| US 11602653 | Nov. 21, 2006 | 7648488 | Jan. 19, 2010 |
| US 12033558 | Feb. 19, 2008 | 8357130 | Jan. 22, 2013 |
| US 12688485 | Jan. 14, 2010 | | |
| US 13534597 | June 27, 2012 | | |
| US 14061672 | Oct. 23, 2013 | | |
| US 14378306 | Aug. 12, 2014 | | |
| US 14378309 | Aug. 12, 2014 | | |
| US 14425570 | Mar. 3, 2015 | | |
| US 14491487 | Sept. 19, 2014 | | |
| US 15836392 | Dec. 8, 2017 | | |
| US 15960264 | Apr. 23, 2018 | | |
| US 15963005 | Apr. 25, 2018 | | |
| US 29494485 | June 20, 2014 | D758572 | June 7, 2016 |
| US 60738690 | Nov. 21, 2005 | | |
| US 60890275 | Feb. 16, 2007 | | |
| US 61571366 | June 27, 2011 | | |
| US 61633509 | Feb. 13, 2012 | | |
| US 61633515 | Feb. 13, 2012 | | |
| US 61633516 | Feb. 13, 2012 | | |
| US 61633517 | Feb. 13, 2012 | | |
| US 61633527 | Feb. 13, 2012 | | |
| US 61633528 | Feb. 13, 2012 | | |
| US 61633529 | Feb. 13, 2012 | | |
| US 61696660 | Sept. 4, 2012 | | |
| US 61880049 | Sept. 19, 2013 | | |
| PCT/US06/45036 | Nov. 12, 2006 | | |
| PCT/US13/58062 | Sept. 4, 2013 | | |
| PCT/US13/25875 | Feb. 13, 2013 | | |
| PCT/US13/25901 | Feb. 13, 2013 | | |
| PCT/US2018/028928 | Apr. 23, 2018 | | |
| CA 2864414 | Aug. 12, 2014 | | |
| CA 2864419 | Aug. 12, 2014 | | |
| EP 2006844464 | Sept 30, 2008 | 2010245 | Oct. 14, 2015 |
| EP 2013749565 | Sept. 11, 2014 | 2814556 | Dec. 7, 2016 |
| EP 2013749574 | Sept. 11, 2014 | 2814532 | Apr. 5, 2017 |

# EXHIBIT C

## Form of Assignment of Trademarks

## ASSIGNMENT OF TRADEMARKS

This Assignment of Trademarks ("**Assignment**") is executed as of _____, 2018, by John C. McLemore ("**Trustee**"), solely in his capacity as Chapter 7 Trustee for Integrated Healing Technologies, LLC ("**Debtor**") and Debtor's bankruptcy estate in favor of Phase One Health, LLC ("**Assignee**"), a Tennessee limited liability company.

**WHEREAS**, on July 9, 2018, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, (the "**Bankruptcy Code**") in the U.S. Bankruptcy Court for the Middle District of Tennessee (the "**Bankruptcy Court**") under Case No. 3:18-bk-04526 (the "**Bankruptcy Case**");

**WHEREAS**, on July 10, 2018, Trustee was appointed the Chapter 7 Trustee for Debtor and Debtor's bankruptcy estate; and

**WHEREAS**, on December __, 2018, the Bankruptcy Court entered its order approving the Trustee's sale of various assets to Assignee including, but not limited to, the Trademarks (as hereinafter defined) (the "**Sale Order**");

**WHEREAS**, a true and exact copy of the Sale Order is attached hereto as **Exhibit A**;

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby assigns, transfers, sells and conveys to Assignee all of Assignor's right, title and interest in and to the trademarks described in **Exhibit B** attached hereto (the "**Trademarks**") together with (a) the goodwill associated therewith and all registrations, recordings and renewals thereof, (b) all applications in connection therewith, issued by or filed in a national, state or local governmental authority of any country, and (c) the exclusive right to sue for and recover for its own use accrued profits and damages for any and all infringements of the Trademarks, including, but not limited to, past infringements.

This Assignment is executed pursuant to that Asset Purchase Agreement dated October ___, 2018, between Assignor and Assignee.

This Assignment shall inure to the benefit of the heirs, successors and assigns of Assignee.

[signature page to follow]

IN WITNESS WHEREOF, Assignor has executed this instrument as of the date stated above.

 

 

---------------------------------------------

John C. McLemore, Trustee

## EXHIBIT A TO ASSIGNMENT OF TRADEMARKS

### Sale Order

# EXHIBIT B TO ASSIGNMENT OF TRADEMARKS

## Trademarks

| Serial Number | Registration No. | Mark |
|---|---|---|
| 87192554 | 5421077 | REVA |
| 85898211 | 4439681 | Integrated Healing Technologies |
| 85530459 | 4617900 | IHT |
| 85530464 | 4329182 | IHT PLUS |
| 85530453 | 4437095 | Drawing |
| 85530439 | 4224783 | Drawing |

**Schedule 2.1(f)**
**Patents and Trademarks**

**Patents**

| Application No. | Filing Date | Patent No. | Issue Date |
|---|---|---|---|
| US 11602653 | Nov. 21, 2006 | 7648488 | Jan. 19, 2010 |
| US 12033558 | Feb. 19, 2008 | 8357130 | Jan. 22, 2013 |
| US 12688485 | Jan. 14, 2010 | | |
| US 13534597 | June 27, 2012 | | |
| US 14061672 | Oct. 23, 2013 | | |
| US 14378306 | Aug. 12, 2014 | | |
| US 14378309 | Aug. 12, 2014 | | |
| US 14425570 | Mar. 3, 2015 | | |
| US 14491487 | Sept. 19, 2014 | | |
| US 15836392 | Dec. 8, 2017 | | |
| US 15960264 | Apr. 23, 2018 | | |
| US 15963005 | Apr. 25, 2018 | | |
| US 29494485 | June 20, 2014 | D758572 | June 7, 2016 |
| US 60738690 | Nov. 21, 2005 | | |
| US 60890275 | Feb. 16, 2007 | | |
| US 61571366 | June 27, 2011 | | |
| US 61633509 | Feb. 13, 2012 | | |
| US 61633515 | Feb. 13, 2012 | | |
| US 61633516 | Feb. 13, 2012 | | |
| US 61633517 | Feb. 13, 2012 | | |
| US 61633527 | Feb. 13, 2012 | | |
| US 61633528 | Feb. 13, 2012 | | |
| US 61633529 | Feb. 13, 2012 | | |
| US 61696660 | Sept. 4, 2012 | | |
| US 61880049 | Sept. 19, 2013 | | |
| PCT/US06/45036 | Nov. 12, 2006 | | |
| PCT/US13/58062 | Sept. 4, 2013 | | |
| PCT/US13/25875 | Feb. 13, 2013 | | |
| PCT/US13/25901 | Feb. 13, 2013 | | |
| PCT/US2018/028928 | Apr. 23, 2018 | | |
| CA 2864414 | Aug. 12, 2014 | | |
| CA 2864419 | Aug. 12, 2014 | | |
| EP 2006844464 | Sept 30, 2008 | 2010245 | Oct. 14, 2015 |
| EP 2013749565 | Sept. 11, 2014 | 2814556 | Dec. 7, 2016 |
| EP 2013749574 | Sept. 11, 2014 | 2814532 | Apr. 5, 2017 |

**Trademarks**

| Serial Number | Registration No. | Mark |
|---|---|---|
| 87192554 | 5421077 | REVA |
| 85898211 | 4439681 | Integrated Healing Technologies |
| 85530459 | 4617900 | IHT |
| 85530464 | 4329182 | IHT PLUS |
| 85530453 | 4437095 | Drawing |
| 85530439 | 4224783 | Drawing |

**Schedule 2.1(g)**

**<u>Assigned Contracts</u>**

Exclusive License Agreement between NovaBay Pharmaceuticals, Inc. and Integrated Healing Technologies, LLC dated as of November 15, 2017

Private Label Agreement NovaBay Pharmaceuticals, Inc. and Integrated Healing Technologies, LLC dated as of October 24, 2012, as amended by that First Amendment to Private Label Agreement dated as of July 20, 2013, and that Second Amendment to Private Label Agreement dated as of October __, 2015

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INTEGRATED HEALING TECHNOLOGIES, LLC, | ) | Case No: 3:18-bk-04526 |
| | ) | Chapter 7 |
| | ) | Judge Mashburn |
| Debtor. | ) | |

### ORDER TO SELL PROPERTY

Upon consideration of the motion of John C. McLemore, Trustee, for authority sell substantially all assets of this estate to Phase One Health, LLC or its assignee free and clear of all liens, claims and encumbrances, pursuant to 11 U.S.C. §363 for $175,000.00.

The Motion and Proposed Order were served on the Debtor, Debtor's counsel, all creditors and all parties requesting notice. Each was given twenty-one (21) days to object. No objections have been filed with the Court;

And it appearing to the Court that the sale of property will be beneficial to the bankruptcy estate;

It is hereby

**ORDERED** that John C. McLemore, Trustee, is authorized to sell this property pursuant to the provisions of 11 U.S.C. § 363 free and clear of all liens with the liens that may exist attaching to the proceeds of the sale.

It is further **ORDERED** that the 14 day stay of the sale of this property following the entry of this order set out in FRBP 6004(h) is hereby **WAIVED**.

It is further **ORDERED** the Trustee will file a report of sale as required by FRBP 6004(f).

This Order was signed and entered electronically as indicated at the top of this page.

**APPROVED FOR ENTRY:**

*/s/ John C. McLemore, Trustee*
John C. McLemore, Trustee
Tn. Bar No. 3430
2000 Richard Jones Rd., Ste. 250
Nashville, TN 37215
(615) 383-9495 (phone)
(615) 292-9848 (fax)
jmclemore@gmylaw.com



6